UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID P. MORGAN, II, | ) 3:05CV2056 |
| | ) |
|     Petitioner | ) JUDGE DAN AARON POLSTER |
| | ) (Magistrate Judge Kenneth S. McHargh) |
|     v. | ) |
| | ) |
| ROB JEFFRIES, | ) |
|     Warden, | ) |
| | ) |
|     Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

    The petitioner David P. Morgan, II, ("Morgan") has filed a petition pro se for a writ of habeas corpus regarding his 2003 guilty plea on charges of aggravated trafficking in drugs, with a major drug offender specification, and carrying a concealed weapon in the Defiance County, Ohio, Court of Common Pleas.  The named respondent is Rob Jeffries, Warden of North Central Correctional Institution.  The petition is based on four grounds, specifically:

    1. Denial of right to appeal.

    2. Due process/ Equal protection.

    3. Denial of effective assistance of trial counsel.

    4. Denial of effective assistance of trial counsel resulted in a violation of Appellant's Due process/ Equal protection, right to a jury, and conviction based upon an unconstitutional search/seizure.

(Doc. 1, at §§ 12.A.-12.D.)

The respondent asserts that the petition was not filed within the statute of limitations. (Doc. 9, at 6-9.) In addition, the respondent claims that the first three claims lack merit, and the fourth claim has been waived. Id. at 13-16.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Morgan was indicted on one count of Aggravated Trafficking in Drugs, in violation of Ohio Rev. Code § 2925.03(A)(2)(C)(1)(f), with a major drug offender specification and a firearm specification, one count of Aggravated Possession of Drugs, in violation of Ohio Rev. Code § 2925.11(A)(C)(1)(e), with a major drug offender specification and a firearm specification, and one count of Carrying a Concealed Weapon, in violation of Ohio Rev. Code § 2923.12. (Doc. 9, Respondent's Exhibit (RX) 1.) After initially entering a plea of not guilty, Morgan changed his plea to guilty of Aggravated Trafficking in Drugs and guilty to the major drug offender specification, and guilty of Carrying a Concealed Weapon. (Doc. 9, RX 2, at 1.) On March 31, 2003, Morgan was sentenced to a cumulative term of twelve years incarceration. Id. at 4-5.

At the sentencing hearing, Morgan was advised by the trial court as follows, in connection with his guilty plea:

> COURT: In a case like this, you have the right to appeal to a higher court, the right to a lawyer on appeal, including a court appointed lawyer if you cannot afford to pay one. You still have the right to appeal but, as a practical matter, if you enter these pleas of guilty and admit that these charges are true, it's going to be hard to convince the Court of Appeals that we made a mistake here. You should not rely on

> your right to appeal to get you out of this trouble if you're entering pleas of guilty. You understand that?
>
> DEFENDANT: Yes sir.
>
> COURT: You may also have the right to appeal the sentence the Court imposes if the Court failed to follow the sentencing guidelines that the legislature has set up. Even if you were successful in that kind of an appeal, it would not affect whether you were guilty or not guilty of these crimes, only what the punishment was. You understand that?
>
> DEFENDANT: Yes sir.
>
> COURT: Additionally, there is a specific sentence recommendation that is part of the plea negotiations. If the Court chooses to follow that recommendation, it is unlikely that the Court of Appeals would change that on appeal because it is part of the plea negotiations. You understand that?
>
> DEFENDANT: Yes sir.

(Doc. 9, RX 9, at 10-11.)

Morgan did not file a timely appeal, but on Jan. 7, 2004, Morgan filed pro se a motion for leave to file a delayed appeal pursuant to Ohio App.R. 5(A). (Doc. 9, RX 3-4.) In his motion, Morgan argued that, after his sentencing he asked his trial counsel "about filing an appeal for him," but counsel failed to contact him again, or to respond to his communications. (RX 4, at 3.) He claims that neither the trial court nor his counsel advised him that he only had thirty days in which to file his appeal. Id. at [6].

The court of appeals denied the motion for a delayed appeal on Feb. 25, 2004, ruling that Morgan's motion "does not set forth sufficient reason for his failure to timely file a notice of appeal." (Doc. 9, RX 5.)

3

Morgan did not file a timely appeal to the Ohio Supreme Court within the forty-five day period allowed under Ohio S. Ct. Prac. R. II., § 2(A)(1)(a). (Doc. 1, at ¶ 9.e.) However, over one year later, on March 17, 2005, he filed a motion for delayed appeal to the state high court, based on the following five propositions of law:

> 1. The appellate court erred in denying leave to appeal where the indigent defendant-appellant could have filed an appeal as of right, was not properly advised of his right to appeal or appointed appellate counsel by the trial court to advise him or consult with him about an appeal, and, therefore, did not knowingly and intelligently waive his right to appeal, in violation of his right to counsel, due process of law, and equal protection.
>
> 2. The court of appeals erred in denying the appellant's motion for leave to appeal pursuant to App.R. 5(A), where the appellant showed by affidavit that he had not been advised by the trial court or counsel, of the necessity of filing a notice of appeal within (30) days after the judgment of conviction was imposed.
>
> 3. The court of appeals erred in denying leave to appeal on the basis of insufficient reasons for delay, when App.R. 5(A) does not specify the crit[er]ia that defines sufficient reasons. Thereby, denying the appellant his constitutional right to an appeal.
>
> 4. The appellate court erred in denying leave to appeal where the indigent defendant was not advised by or consulted with by his court-appointed trial counsel about filing an appeal as of right to which he was entitled, in violation of his of his [sic] Sixth Amendment, U.S. Constitutional right to the effective assistance of counsel, due process, and equal protection of the law.
>
> 5. The appellate court erred in denying leave to appeal without appointing appellate counsel to determine if the indigent defendant had appealable issues of merit, in violation of his Sixth Amendment right to counsel for an appeal as of right, due process rights, and equal protection of the law.

(Doc. 9, RX 6-7.) The court denied his motion for delayed appeal on April 27, 2005. (Doc. 9, RX 8; State v. Morgan, 105 Ohio St.3d 1515, 826 N.E.2d 313 (2005).)

Morgan filed this federal petition for a writ of habeas corpus pro se on Aug. 24, 2005. (Doc. 1.) The respondent filed an answer and return of writ, and the petitioner has filed a traverse. (Doc. 9, 12.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

5

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Morgan has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

III.  STATUTE OF LIMITATIONS

Respondent asserts that the petition should be dismissed as time-barred, because Morgan's petition was not timely filed within the statute of limitations. (Doc. 9, at 6-9.)

The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Under Ohio law, Morgan had 30 days within which to file his direct appeal after the date of sentencing.  Ohio R.App. P. 4(A).  Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on March 31, 2003. (Doc. 9, RX 2.)  Thus, the statute began to run on April 30, 2003.  See, e.g., Young v. Jeffreys, No. 206-CV-0187, 2006 WL 3716777, at *3 (S.D. Ohio Dec. 14, 2006); Goodballet v. Mack, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003).  Morgan filed a motion for leave to file a delayed appeal, pursuant to

Ohio App.R. 5(A), on Jan. 7, 2004, when 251 days of the limitations period had already run. (Doc. 9, RX 3-4.)

A delayed appeal merely tolls the running of the limitations period; it does not restart it. Searcy v. Carter, 246 F.3d 515, 519-520 (6th Cir.), cert. denied, 534 U.S. 905 (2001). See also Winkfield v. Bagley, No. 02-3193, 2003 WL 21259699, at *3 (6th Cir. May 28, 2003), cert. denied, 540 U.S. 969 (2003). The appellate court denied the motion for a delayed appeal on Feb. 25, 2004. (Doc. 9, RX 5.)

Morgan failed to properly file a timely appeal to the Ohio Supreme Court within the forty-five days allowed, and so the limitations period resumed running on April 12, 2004. At that point, Morgan still had 114 days remaining (until Aug. 4, 2004) to file a habeas petition.

Morgan did not file a motion for leave to file a delayed appeal with the Ohio Supreme Court until almost one year later, on March 17, 2005. The statute of limitations for filing his habeas petition had already expired by this date, so there was nothing left to toll. Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. Winkfield, 2003 WL 21259699, at *3; Searcy, 246 F.3d at 519; Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006).

Morgan filed his petition for habeas on Aug. 24, 2005. The limitations period had expired a year earlier. Thus, Morgan's habeas petition was not filed within the statute of limitations.

IV. EQUITABLE TOLLING

Morgan argues that his untimely filings should be excused, and the limitations period should be tolled to permit review of his petition. See generally doc. 12.

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc. 209 F.3d 552, 560 -561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)). The circumstances which will lead to equitable tolling are rare. King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). When the petitioner does not claim ignorance of the filing requirement, the court examines his diligence in pursuing his rights and the reasonableness of his

9

ignorance of the effect of his delay. Id. See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll). Morgan does not claim a lack of actual or constructive knowledge of the limitations requirement.

The facts show that Morgan failed to act with that reasonable diligence which would support a claim for equitable tolling.

Morgan's conviction became final on March 31, 2003. Although Morgan asserts that he thought counsel would file an appeal for him, Morgan did not file his motion for leave to file a delayed appeal until over nine months later, on Jan. 7, 2004. (Doc. 12, at 3.) Moreover, in that motion he does not claim that he instructed counsel to file an appeal, nor does he state that counsel led him to believe that an appeal would be filed. In his motion for a delayed appeal, rather, he stated:

> After I was sentenced . . . on March 26, 2003, I asked my trial counsel . . . about filing an appeal on my behalf. At that time, my trial counsel stated that "He would get to me about the appeal."

(Doc. 9, RX 4, Morgan aff. attached to motion.) Morgan stated that he had no contact with his counsel, despite several attempts, after that date. Id. Nonetheless, Morgan allowed nine months to pass before taking any further action.[1]

Similarly, Morgan asserts that he attempted to file an appeal with the state high court, sending a letter and notice of appeal to the clerk of the Supreme Court

---

[1]Morgan now claims that part of the reason for his inaction was a lack of funds to pay for postage during the August-December 2003 period. (Doc. 12, at 3-4.) Morgan did not refer to this situation in his January 2004 motion for leave to file a delayed appeal. See generally doc. 9, RX 4, memorandum in support.

of Ohio on March 21, 2004. (Doc. 12, PX 1; and doc. 9, RX 7, at 2, and "Appendix Exh. B.") After waiting another six months, Morgan discovered that he was required to file a Memorandum in Support of Jurisdiction to properly appeal to the Ohio Supreme Court. (Doc. 12, at 6.) See generally Allen v. Yukins, 366 F.3d 396, 403 (6th Cir.), cert. denied, 543 U.S. 865 (2004) (ignorance of the law not sufficient to warrant equitable tolling). Nevertheless, Morgan allowed yet another six months (approximately) to pass before he filed a motion for leave to file a delayed appeal with that court on March 17, 2005.

The court considers "absence of prejudice" as a factor only if other factors in the test are met. Griffin v. Rogers, 399 F.3d 626, 637-638 (6th Cir. 2005) (citing Vroman, 346 F.3d at 605; Dunlap, 250 F.3d at 1009). Morgan has not established any of the other factors, thus prejudice will not be considered.

Morgan failed to act with reasonable diligence to support a claim of equitable tolling.

## V. SUMMARY

Morgan's petition for a writ of habeas corpus should be denied as untimely filed.

## RECOMMENDATION

It is recommended that the petition be denied.


Dated:  Feb. 20, 2007                               /s/ Kenneth S. McHargh
                                                                     Kenneth S. McHargh
                                                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).